2012 WY 25

**BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, Petitioner,**

v.

**Mary M.DUNN, Respondent.**

No. D–12–0002.

Supreme Court of Wyoming.

Feb. 23, 2012.

**ORDER SUSPENDING ATTORNEY FROM THE PRACTICE OF LAW**

[¶ 1]   **This matter** came before the Court upon a "Report and Recommendation for Suspension," filed herein January 30, 2012, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Section 16 of the Disciplinary Code for the Wyoming State Bar (stipulated discipline). After a careful review of the Board of Professional Responsibility's Report and Recommendation for Suspension and the file, this Court finds that the Report and Recommendation for Suspension should be approved, confirmed and adopted by the Court; and that the Respondent, Mary M. Dunn, should be suspended from the practice of law for a period of thirty (30) days. It is, therefore,

[¶ 2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3]   **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Suspension, Respondent Mary M. Dunn shall be, and hereby is, suspended from the practice

of law for a period of thirty (30) days, beginning March 1, 2012; and it is further

[¶ 4] **ORDERED** that Respondent shall comply with Section 22 of the Disciplinary Code for the Wyoming State Bar. That Section governs duties of disbarred and suspended attorneys; and it is further

[¶ 5] **ORDERED** that Mary M. Dunn shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay an administrative fee of $500.00, by paying the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before March 23, 2012; and it is further

[¶ 6] **ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation for Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 7] **ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the Report and Recommendation for Suspension, as a matter coming regularly before this Court as a public record; and it is further

[¶ 8] **ORDERED** that the Clerk of this Court cause a copy of the Order Suspending Attorney from the Practice of Law to be served upon Respondent Mary M. Dunn.

[¶ 9] **DATED** this 23rd day of February, 2012.

**BY THE COURT:**

/s/ MARILYN S. KITE
Chief Justice

Attachment

**BEFORE THE SUPREME COURT**

**STATE OF WYOMING**

*In the matter of MARY M. DUNN, WSB No. 6–3391,*

*Respondent.*

*WSB No. 2011–157*

**REPORT AND RECOMMENDATION FOR SUSPENSIONS**

THIS MATTER came before the Board of Professional Responsibility on the 26th day of January, 2012, pursuant to the Stipulated Motion for suspension of Respondent. The Board, having reviewed the Stipulated Motion and Respondent's affidavit in support thereof, FINDS, CONCLUDES and RECOMMENDS as follows:

**FINDINGS OF FACT**

1. Respondent is a licensed attorney in the State of Wyoming, Bar # 6–3391.

2. On February 1, 2011, Judge John Brooks, Eighth Judicial District Court, signed a stipulated decree of a divorce in a matter in which Respondent represented the husband. The stipulated decree required the husband to make a $25,000 property settlement payment to the wife within 90 days of the date of the divorce.

3. As the 90 day deadline approached, it became apparent that Respondent's client did not have access to cash to make the $25,000 payment, so Respondent wrote to the wife's attorney and proposed that the $25,000 payment be made in the form of a transfer from the husband's retirement account pursuant to a Qualified Domestic Relations Order (QDRO).

4. Some weeks after Respondent proposed the QDRO transfer to the wife's attorney, Respondent submitted the QDRO to Judge Brooks, who signed it. Respondent did not provide the wife's attorney with notice of submittal of the order as required by Rule 58, W.R.Civ.P.

5. When the wife's attorney learned that the QDRO had been signed by Judge Brooks, the wife's attorney filed a motion for order to show cause. At the hearing, Judge Brooks criticized Respondent for submitting an order for his signature that did not reflect the agreement of the parties.

6. Respondent thereafter filed an affidavit attempting to explain her conduct. In that affidavit, Respondent stated that she had submitted the proposed QDRO to the

wife's attorney, but that the wife's attorney had never responded. In making that representation to the court, Respondent was relying upon her memory. Respondent later realized, after reviewing the file that the wife's attorney did in fact respond with a letter objecting to the QDRO. Respondent overlooked the letter when she submitted the QDRO to the court, and in her subsequent affidavit.

7. Judge Brooks ultimately found Respondent's client in contempt of court and ordered him to pay the $25,000 along with attorneys' fees and costs associated with the wife's motion for order to show cause.

8. Respondent agrees that her conduct violated Rules 3.3(a)(1), 3.4(c), 8.4(a) and 8.4(d) of the Wyoming Rules of Professional Conduct.

9. Respondent is extremely embarrassed by this matter and has apologized for her actions. She has promised to take steps in her practice to assure that nothing like this ever happens again.

10. Respondent has agreed to accept a suspension in part to enable her to obtain treatment for her alcohol problem, which Respondent believes is part of the reason her life and her practice have gotten so far off track. Respondent has agreed to participate in the Wyoming State Bar's Member Assistance Program, and to follow the directions and requirements of Cheyenne Regional Medical Center's Behavioral Health Services department in that regard.

11. At the time of the Board's consideration of this matter, Respondent was receiving inpatient treatment for her alcohol problem.

12. Respondent has agreed to a 30 day suspension of her right to practice law in Wyoming.

### CONCLUSIONS OF LAW

13. Standard 2.3 of the ABA Standards for Imposing Lawyer Sanctions states, "Suspension is the removal of a lawyer from the practice of law for a specified minimum period of time." Though the ABA standards generally discourage suspending lawyers for a period of time less than six months, they recognize, "The specific period of time for the suspension should be determined after examining any aggravating or mitigating factors in the case."

14. Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:

    (a) the duty violated;

    (b) the lawyer's mental state; and

    (c) the actual or potential injury caused by the lawyer's misconduct; and

    (d) the existence of aggravating or mitigating factors.

15. Misconduct of the sort engaged in by Respondent is addressed in Section 6.0, "Violations of Duties Owed to The Legal System." Standard 6.2, "Abuse of the Legal Process," provides, in relevant part:

    6.22 Suspension is generally appropriate when a lawyer knows that [s]he is violating a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.

16. Section 9.1 of the ABA Standards for Imposing Lawyer Sanctions provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any considerations or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations or factors that may justify a reduction in the degree of discipline to be imposed."

17. The applicable aggravating factors are:

    a. Section 9.22(a)-prior disciplinary offenses. Respondent recently received a public censure for violation of Rules 1.1, 1.3 and 1.4, relating to her failure to file a notice of governmental claim on behalf of a client in order to preserve his cause of action.

    b. Section 9.22(d)-multiple offenses.

c. Section 9.22(i)-substantial experience in the practice of law. Respondent was first admitted to practice in Wyoming in 2001.

18. Applicable mitigating factors are:

a. Section 9.32(b)-absence of dishonest or selfish motive;

b. Section 9.32(c)-personal or emotional problems;

c. Section 9.32(e)-full and free disclosure to Bar Counsel and cooperative attitude toward proceedings; and

d. Section 9.32(l)-remorse.

## RECOMMENDATION

The Board of Professional Responsibility approves the Stipulated Motion for Suspension, and recommends that the Wyoming Supreme Court enter an order suspending Respondent from the practice of law for a period of 30 days.

**DATED** this 27th day of *January*, 2012.

/s/ Joseph B. Bluemel
Joseph B. Bluemel
Vice Chairman
Board of Professional Responsibility
Wyoming State Bar